UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| LEROY GRIFFIN, #33202-171, a/k/a Leroy Anthony Griffin, <br><br> Plaintiff, <br><br> -vs- <br><br> SGT MRS. REID, LT. MOYD, SGT. JITT WILSON, SGT. RICO RAVENELL, LT. MR. LINBURY, CORP. MS. PRESSLEY, OFC. OHIO DUKE, LT. MR. COURTNEY, and OFC. LAQUISHA STRONG, <br><br> Defendant. | Civil Action No. 4:20-cv-3241-HMH-TER <br><br><br><br> **ORDER** |

Plaintiff, who is proceeding pro se, brings this action alleging violations of his constitutional rights. Presently before the Court are Plaintiff's Motion for Reconsideration of Order Denying Appointment of Counsel (ECF No. 71) and Motions to Compel (ECF Nos. 72, 73, 77, 80). All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC.

Plaintiff has previously filed two Motions for Appointment of Counsel, both of which were denied for Plaintiff's failure to show exceptional circumstances as required in Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). Plaintiff seeks reconsideration of the ruling pursuant to Fed.R.Civ.P. 59(e). Rule 59(e) allows a party to ask the court to alter or amend a judgment. However, Rule 59(e) applies to judgments, and a ruling on a motion to appoint counsel is not a judgment. Plaintiff's motion is more appropriately considered in the context of "the [C]ourt's inherent power to reconsider and revise any interlocutory order, as recognized by Rule 54(b)." Jensen v. Conrad, 570 F. Supp. 91,

103 (D.S.C. 1983); see Fed. R. Civ. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims...may be revised at any time before the entry of a judgment adjudicating all the claims...."). A motion under Rule 54(b) is not an opportunity to relitigate issues already ruled upon simply because a party is dissatisfied with the outcome.[1] Joe Hand Promotions, Inc. v. Double Down Ent., LLC, No. 0:11-CV-02438, 2012 WL 6210334, at *2 (D.S.C. Dec. 13, 2012)(citing R.E. Goodson Constr. Co. v. Int'l Paper Co., C/A No. 4:02–4184–RBH, 2006 WL 1677136, at *1 (D.S.C. June 14, 2006)). Further, such a motion may not be used to raise arguments that could have been addressed or presented previously. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008); City of Charleston v. Hotels.com, LP, 586 F. Supp. 2d 538, 541 (D.S.C. 2008). Plaintiff argues in his motion to reconsider that he is not just a pro se Plaintiff, but a prisoner regularly subjected to lockdowns and quarantine. However, these are the same reasons rejected by the court in his previous motion to appoint counsel. He fails to show any change in law, new evidence, or manifest injustice sufficient to warrant a reconsideration of the court's previous ruling. Therefore, Plaintiff's Motion for Reconsideration (ECF No. 71) is **DENIED**.

The undersigned entered an Order (ECF No. 59) granting in part Plaintiff's previously filed Motion to Compel and directing Defendants to produce any complaints filed or disciplinary actions taken against Defendants and contained within their personnel files since they have been employed at the Williamsburg County Detention Center (WCDC) or within the last three years, whichever is

---

[1] The following are appropriate reasons for granting a Rule 54(b) motion: (1) to follow an intervening change in controlling law; (2) on account of new evidence; or (3) to correct a clear error of law or prevent manifest injustice. Beyond Sys., Inc. v. Kraft Foods, Inc., C/A No. PJM–08–409, 2010 WL 3059344, at *2 (D.Md. Aug.4, 2010) ("This three-part test shares the same three elements as the Fourth Circuit's test for amending an earlier judgment under Rule 59(e), but the elements are not applied with the same force when analyzing an interlocutory order.").

shorter. In Plaintiff's Motion to Compel (ECF No. 72), he asserts that Defendants ignored the Court's order by claiming that they were not in possession of the requested documents and by submitting only a handful of documents stemming from one incident in 2002. Defendants assert that they properly provided supplemental responses in accordance with the Court's order. The supplemental response specifically states that Defendants "are not personally in possession of any of the documents or information responsive to Plaintiff's Requests, but [] the documentation submitted herewith and/or information being provided herein is the result and product of the undersigned counsel for these Defendants communicating with personnel at the Williamsburg County Detention Center." Suppl. Resp. (ECF No. 67). Plaintiff fails to show that Defendants' discovery responses are insufficient. Thus, this Motion to Compel (ECF No. 72) is **DENIED**.

In his next Motion to Compel (ECF No. 73), Plaintiff seeks a court order compelling Chief Deputy V.D. Cumbee and Sheriff Stephen R. Gardner to produce Defendants' personnel files. However, these individuals are not parties to this action, and it does not appear from the record that Plaintiff served these individuals with subpoenas in accordance with Fed.R.Civ.P. 45. Thus, Plaintiff's Motion to Compel (ECF No. 73) is not properly before the Court and is **DENIED**.

In his next Motion to Compel (ECF No. 77), Plaintiff asks the Court to either compel Defendants to send him a copy of their Reply (ECF No. 61) to his Response to their Motion for Summary Judgment or for the Court to send him a copy because Defendants never served him with the Reply. Defendants assert that the Reply was returned to counsel by the United States Postal Service and marked "Individual No Longer at this Address." Defendants resent the Reply to Plaintiff on September 3, 2021. Therefore, Plaintiff's Motion to Compel (ECF No. 77) is **MOOT**.

In his last Motion to Compel (ECF No. 80), Plaintiff asks the court to compel Defendants

to respond to all other discovery requests he has served. He acknowledges that Defendants have responded to his discovery requests but states that they have "knit-picked" their responses to produce only the documents they want to produce. He has not specifically addressed any objections raised by Defendants to his discovery requests, other than the general objection raised to every request that Defendants object to the extent the request seeks a response from WCDC rather than Defendants individually. However, to each response, Defendants also either assert additional objections, state that they are unaware of any documents responsive to the request, or produce documents responsive to the request. Thus, without specific arguments regarding each of the discovery responses made by Defendants, the court cannot make a determination as to whether the responses are proper. Accordingly, Plaintiff's Motion to Compel (ECF No. 80) is **DENIED**.

For the reasons set forth above, Plaintiff's Motion to Compel (ECF No. 77) is **MOOT** and his remaining motions (ECF Nos. 71, 72, 73, 80) are **DENIED**.

**IT IS SO ORDERED.**

                                            s/Thomas E. Rogers, III
                                            Thomas E. Rogers, III
                                            United States Magistrate Judge

October 1, 2021
Florence, South Carolina